UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE PROVIDENT BANK,

    Plaintiff,

v.                                                   Case No: 2:13-cv-872-FtM-38DNF

GULF COAST CHARTERS, LLC and
ROBERT W. BROWN,

    Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Plaintiff The Provident Bank's Motion for Final Summary Judgment (Doc. #29) filed on July 2, 2014. Defendants Gulf Coast Charters, LLC and Robert W. Brown filed a response in opposition on July 22, 2014. (Doc. #35). This matter is now ripe for review.

**Facts**

On or about July 12, 2007, Defendant Gulf Coast Charters, LLC received a loan from Elite Financial Group, Inc. through a promissory note to purchase a 2004 Cavileer 48' Motor Yacht ("Vessel"); twin 1001 HP engines; and all equipment and accessories attached in the amount of $712,000.00. (Doc. #29-1). Defendant Robert W. Brown guaranteed this loan. (Doc. #29-2). Thereafter, on July 17, 2007, Elite Financial Group,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Inc. assigned all of its rights, title, and interest in the promissory note and guaranty agreement to Plaintiff The Provident Bank. (Doc. #29-4).

Gulf Coast and Brown defaulted on the loan by failing to make the installment payments that were due. (Doc. #29-3, at ¶5). And as a result, The Provident Bank initiated this action to recover the debt Gulf Coast and Brown owe it. (Doc. #1). Also, due to the default, among other remedies, The Provident Bank had the right to repossess the Vessel. (Doc. #29-1, at 3; Doc. #29-5, at ¶22). The Provident Bank notified Gulf Coast and Brown of its plan to repossess the Vessel, (Doc. #29-7), and hired National Liquidators to repossess and sell the Vessel.

On or about June 21, 2014, The Provident Bank began advertising the Vessel on websites worldwide. (Doc. #29-6, at ¶11). As a result, there were 21 different offers to purchase the Vessel from six different buyers. (Doc. #29-6, at ¶12). These offers ranged from $185,000.00 to $310,000.00. (Doc. #29-6, at ¶12). Then on July 30, 2013, after an inspection, the Vessel was sold for $300,000.00 to a third party. (Doc. #29-8).

## Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether

the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## Discussion

Upon consideration of the record, the Court finds there are material disputes. It is unclear from the record whether the Vessel was sold in a commercially reasonable manner. The parties staunchly disagree on this issue. (Doc. #29-6; cf. Doc. #35, at ¶¶1, 13). Gulf Coast and Brown presented evidence that shows there were higher bids for

the Vessel, but a lower bid was accepted by The Provident Bank without explanation. (See Doc. #29-6, at 9). Furthermore, the parties dispute the value of the Vessel. The Provident Bank asserts the Vessel was sold at a price that met or exceeded its fair market value, whereas Gulf Coast and Brown assert the value of the Vessel was between $450,000 and $500,000. (Doc. #29-6, at 13; cf. Doc. #35, at ¶12). The differences in these valuations are significant; especially if the Vessel was not sold in a commercially reasonable manner. Also, the listed repossession costs are not fully explained. (See Doc. #29-8, at 2). Thus even assuming the Vessel was sold in a commercially reasonable manner, it is unclear whether Gulf Coast and Brown are responsible for all of the listed repossession costs; and thus it is unclear what amount Gulf Coast and Brown owe The Provident Bank. (Doc. #35, at ¶7). Due to these material disputes, the motion for summary judgment is due to be denied.

Accordingly, it is now

**ORDERED:**

The Provident Bank's Motion for Final Summary Judgment (Doc. #29) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record